IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER LUCCHESI, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 15-6114 |
| BRUCE JOHNSON, JR. and | : | |
| ALL CHEMICAL TRANSPORT CORP., | : | |
| Defendants. | : | |

**Jones II,    J.**                                                              **December 21, 2015**

## MEMORANDUM

On August 7, 2015, Peter Lucchesi ("Plaintiff") filed a Complaint in the Court of Common Pleas of Philadelphia County against Bruce Johnson, Jr. ("Johnson") and All Chemical Transport Corp. ("All Chemical") (collectively "Defendants") for injuries Plaintiff sustained in an August 30, 2013 incident with Johnson. (Dkt No. 1, Ex. A [hereinafter Compl.].) Plaintiff alleges three counts in his Complaint: (Count I) negligence against Johnson, (Count II) negligence against All Chemical via respondeat superior, (Count III) recklessness against all Defendants.

Defendants removed this matter to this Court on November 13, 2015. (Dkt No. 1.) On November 18, 2015, Defendants moved for partial dismissal of the Complaint, including dismissal of all claims for punitive damages and Count III in its entirety. (Dkt No. 3.) In their Memorandum of Law in Support thereof, (Dkt No. 3-1 [hereinafter MTD]), Defendants argued that (1) Plaintiff had failed to state a claim for punitive damages under Fed. R. Civ. P. 12(b)(6), and (2) Plaintiff's Count III claim must be dismissed because punitive damages cannot be pled as an independent cause of action. On December 8, 2015, Plaintiff responded. (Dkt No. 7.) In his Memorandum of Law in opposition to Defendants' Motion, (Dkt No. 7-1 [hereinafter Resp.]), Plaintiff argued that (1) his Complaint had averred sufficient factual allegations to support his claim for punitive damages, and (2) Pennsylvania law allows a separately pled count for punitive damages.

After thorough review of the pleadings, the Court grants Defendants' Motion in part and denies it in part. First, Plaintiff cannot separately plead a claim for "recklessness;" Count III is

1

dismissed. Second, Plaintiff has sufficiently pled claims for punitive damages under Count I and Count II.

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted). After the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *accord Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("[A]ll civil complaints must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") (internal quotation marks omitted).

### II. Background

In his Complaint, Plaintiff alleges that on August 30, 2013, Johnson was driving northbound on Interstate 95 in Chester City, Delaware County, hauling a fully loaded tanker of chemicals. (Compl. ¶¶ 6-9.) Johnson's Tanker Truck was owned by All Chemical. (Compl. ¶ 27.) Johnson was working for All Chemical at the time of the incident. (Compl. ¶ 28.)

The same day, Plaintiff was driving northbound on Interstate 95 driving a 2002 Peterbilt Tractor-Trailer. (Compl. ¶ 11.) Traffic was moving slowly. (Compl. ¶ 11.) Suddenly, Johnson's Tanker Truck struck the rear of a 2006 Toyota Scion, operated by a non-party. (Compl. ¶ 11.) The impact on the Scion forced the Scion forward and to the left, impacting the rear of Plaintiff's Tractor-Trailer and a 2012 Mazda 3, operated by a non-party. (Compl. ¶ 12.) After striking the Scion, Johnson's Tanker Truck continued forward and struck the rear of Plaintiff's Tractor-Trailer. (Compl. ¶ 13.)

Plaintiff alleges that Johnson caused the collision between Johnson's and Plaintiff's trucks for reasons including that Johnson traveled at unsafe speeds in violation of 75 Pa. C.S. § 3361 and 75 Pa. C.S. § 3362(a)(1.1), followed the cars in front of him, including the Scion and Plaintiff's vehicle, too closely such that he could not appropriately stop, in violation of 75 Pa. C.S. § 3310(a), failed to stay in his lane of travel and to yield appropriately, and generally drove with no regard for the highway and traffic conditions that existed on the day. (Compl. ¶ 16.) The collision caused Plaintiff's driver's seat to break, flinging the seat and Plaintiff with it, to Plaintiff's rear windshield. (Compl. ¶ 17.) Plaintiff was seriously and permanently injured by this collision. (Compl. ¶¶ 13, 17-24.)

### III. Discussion

#### a. Plaintiff's Count III is dismissed with prejudice.

Plaintiff's Count I alleges that the incident was negligently caused by Johnson, and demands actual and punitive damages. (Compl. ¶¶ 15-25.) Plaintiff's Count II alleges that All Chemical can be liable as well under the doctrine of respondeat superior. (Compl. ¶¶ 26-32.) Plaintiff's Count III alleges that the incident was recklessly caused by all Defendants, and demands actual and punitive damages. (Compl. ¶¶ 33-38.) Defendants argue that Plaintiff's Count III claim for "recklessness," is really a standalone claim for punitive damages, and that a claim for punitive damages cannot be pled as a separate and independent count from negligence. (MTD at 7.) Plaintiff argues that a successful pleading for punitive damages requires a showing of recklessness through separate and additional averments beyond negligence. (Resp. at 7.)

Both are correct. First, Plaintiff's claim of "recklessness" is clearly just a stand-in for a claim for punitive damages. "One cannot recover punitive damages independently from an underlying cause of action." *DiGregorio v. Keystone Health Plan East*, 840 A.2d 361, 370 (Pa. Super. 2003) (citing *Hilbert v. Roth*, 395 Pa. 270, 149 A.2d 648 (1959)). Punitive damages are only an element of damages, not a separate cause of action. *Id.* The underlying causes of action in this case are addressed in Count I and Count II. Thus, Plaintiff can only make claims for punitive damages under Count I and Count II. Count III should be dismissed.

Moreover, even if Count III is not simply a stand-in for a separate count for punitive damages but rather was meant by Plaintiff to be a separate cause of action under a standard of "recklessness," such a claim would be inappropriately duplicative of Counts I and II under Pennsylvania law. "While Pennsylvania courts acknowledge differing standards of care, they do

3

not recognize degrees of negligence as separate causes of action." *Hunter v. Squirrel Hill Assocs., L.P.*, 413 F.Supp.2d 517, 520 n. 2 (E.D. Pa. 2005). Thus, in Pennsylvania, "claims asserting a breach of a reckless standard and claims asserting a breach of a negligence standard both allege the tort of negligence." *Watts v. Hollock,* 2011 WL 6003922, at *3 (M.D. Pa. 2011) (citing *Archibald v. Kemble*, 971 A.2d 513, 519 (Pa. Super. 2009)). Thus, on these grounds, it is also appropriate to dismiss Count III.

Second, however, Plaintiff is correct that punitive damages "may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Feld v. Merriam*, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984) (citing *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963)); *see also Phillips v. Cricket Lighters*, 584 Pa. 179, 188-89, 883 A.2d 439, 445-46 (2005). Thus, in order for Plaintiff to sustain claims for punitive damages under Count I and Count II, Plaintiff needs to plead facts sufficient to support a finding that Defendants acted with reckless indifference, or an evil motive, in the perpetration of the incident. Plaintiff can only make claims for punitive damages under Count I and Count II. Thus, to sustain claims for punitive damages under Count I and Count II, Plaintiff needs to include pertinent allegations that will allow a factfinder to find Johnson's actions worthy of punitive damages under Count I and Count II.

In short, in dismissing Count III, the Court is clarifying that all claims under Count III should already be encompassed in Count I and Count II. Count III is dismissed with prejudice.

### b. Plaintiff's claim for punitive damages under Count I and Count II is sufficiently pled.

To survive a motion to dismiss a claim for punitive damages, "[a] plaintiff must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fedor v. Van Note-Harvey Associates*, 2011 WL 1043817, at *1 (E.D. Pa. 2011). "[A] punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk.." *Hutchinson ex rel Hutchinson v. Luddy*, 582 Pa. 114, 124, 870 A.2d 766, 772 (2005).

Under Count I, Plaintiff alleges that:

Defendants were reckless in operating, and in allowing the operation of a multi-ton, 2006 Kenworth Tanker Truck, at a speed greater than the speed limit posted on the subject roadway, and in violation of Pennsylvania law, specifically including but not limited to

   75 Pa. C.S.A. § 3310(a), and while Defendant Bruce Johnson failed to maintain a proper lookout of the windshield of the Tanker Truck and at the road ahead.

(Compl. ¶ 35.) Thus, Plaintiff alleges that Johnson knowingly exceeded the posted speed limits, knew of traffic conditions, but failed to accommodate his driving, and acted with indifference toward the extra risks posed by driving a multi-ton tanker.

  At this early stage, the Court finds that such allegations are sufficiently pled to survive this Motion to Dismiss. *See generally Felkner v. Werner Enterprises, Inc.*, 2014 WL 1013474, at *5 (E.D. Pa. 2014) ("[C]ourts have allowed punitive damages claims to proceed when there exists evidence that truck drivers were driving too fast to stop their vehicles."); *Achey v. Crete Carrier Corp.*, 2009 WL 9083282, at *9 (E.D. Pa. 2009) (holding that a truck driver could be found liable for punitive damages for appreciating, and consciously ignoring, the risk of driving while in a state of fatigue); *Sabo v. Suarez*, 2009 WL 2365969, at *3-4 (M.D. Pa. 2009) (same, driving through a red light during densely foggy, wet conditions); *Burke v. TransAm Trucking, Inc.*, 605 F.Supp.2d 647, 655 (M.D. Pa. 2009) (same, speeding around a curve); *Grosek v. Panther Transp., Inc.*, 2009 WL 427238, at *3 (M.D. Pa. 2009) (same, driving through a red light); *Arias v. Decker Transp.*, 2008 WL 450435, at *4 (M.D. Pa. 2008) (same, speeding, following vehicles too closely and failing to see others' vehicles); *Paone v. Lipuma*, 2006 WL 5186524, at *3 (M.D. Pa. 2006) (same, following too closely and speeding). As pled, the Court finds that a jury could find that Johnson consciously appreciated and ignored the risks associated with his driving of a Tanker Truck. Thus, Plaintiff's Count I claim for punitive damages persists.

  In Count II, Plaintiff alleges that All Chemical is liable for the incident under a theory of respondeat superior. (Compl. ¶¶ 26-32.) "Punitive damages may be awarded on the basis of vicarious liability." *Shiner v. Moriarty,* 706 A.2d 1228, 1240 (Pa. Super. 1998); *see also Burke*, 605 F.Supp.2d at 657; *Arias*, 2008 WL 450435, at *4. Pennsylvania law does not require "an agent to commit a tortious act at the direction of the principal, nor must the principal ratify the act, in order for punitive damages to be imposed on him." *Shiner*, 706 A.2d at 1240. Thus, given that the Court finds that Plaintiff's claim for punitive damages against Johnson is well pled, and the fact that Defendant does not move to dismiss Plaintiff's allegations regarding vicarious liability, the Court finds that Plaintiff's claim for punitive damages under Count II survives this Motion.

**IV.     Conclusion**

Defendant's Motion is granted in part and denied in part. Plaintiff's Count III is dismissed with prejudice. Plaintiff's claims for punitive damages under Count I and Count II survive Plaintiff's Motion to Dismiss.

BY THE COURT:

/s/ C. Darnell Jones, II

_____

C. Darnell Jones, II    J.